UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-23250-King/McAliley

VICTOR C. ASLA, FRANCISCO DIAZ,
EDUARDO DIAZ, ARIAN ALEJANDRO
MARTINEZ FERNANDEZ, JESUS OJEDA
PUPO, REINIER RODRIGUEZ, RUBEN
CAPOTE TORRES, HERIBERTO RAFAEL
BURGOS, BETHEL XAVIER, JOSE
ANTONIO GONZALEZ, JAVIER ERNESTO
VINAGERA, ADOLFO JIMENEZ, FELIPE
BELTRAN, GERMAN AGUADO,
ALCIBIADES COMAS, ALBERTO
BLANCO AND NELSON NAPOLES, JUAN
F. FERNANDEZ, ALEJANDRO J. IBARRIA
MARTINEZ, ALEXYS RODRIGUEZ, HECTOR
EMILIO FERNANDEZ, PEDRO SANTO
FERNANDEZ NERIS, LUIS CESAR
AIRADO and all others similarly situated
under 29 U.S.C. 216(B),

    Plaintiffs,

-vs-

CARGO FORCE, INC. and
ANTHONY C. ROMEO,

    Defendants.
_____/

## DEFENDANTS' INITIAL DISCLOSURES

Defendants, Cargo Force, Inc. ("Cargo Force") and Anthony C. Romeo ("Romeo"), by and through their undersigned counsel, hereby make the following Initial Disclosures, pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.1A of this Honorable Court, as follows:

### General Statement

As Defendants continue to obtain further information and documents through discovery and trial preparation, Defendants reserve the right to supplement or amend these disclosures as necessary and appropriate:

**CASE NO. 12-CV-23250-King/McAliley**

**Fed.R.Civ.P. 26(a)(1)(A)(i)**

*The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defense, unless for impeachment, identifying the subjects of the information.*

**Response to Fed.R.Civ.P. 26(a)(1)(A)(i)**

In addition to all parties and individuals named by the Plaintiffs in their initial disclosures served on January 30, 2013, it is believed that the following parties would have knowledge as to the hours worked by the Plaintiffs, and the pay received for that work, as well as the respective Plaintiffs' work duties:

1. All named Plaintiffs in this action;
2. Anthony C. Romeo, c/o Roth & Scholl;
3. Jared Azcuy, c/o Roth & Scholl;
4. Fabian Niebles c Roth & Scholl;
5. Tony Cereijo, c/o Roth & Scholl;
6. Karen Torres, c/o Roth & Scholl;
7. Mario Lola, c/o Roth & Scholl;

These Defendants further believe that the individuals named in paragraphs 2 through 7 above would have general knowledge regarding the facts to support the affirmative defenses raised by the Defendants in this action.

**Fed.R.Civ.P. 26(a)(1)A (ii)**

*A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

CASE NO. 12-CV-23250-King/McAliley

**Response to Fed.R.Civ.P. 26(a)(1)(A)(ii)**

The Defendants have copies of employee files for virtually all of the named Plaintiffs, and are searching their records for any that might be missing (possibly 1 or 2 of the Plaintiffs). The Defendants also have complete payroll records for each of the named Plaintiffs. The documents are voluminous. However, upon appropriate arrangements being made by the Plaintiffs to pay for copies of these documents, copies of all such documents will be provided to counsel for the Plaintiffs.

**Fed.R.Civ.P. 26(a)(1)(A)(iii)**

*A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.*

**Response to Fed.R.Civ.P. 26(a)(1)(A)(iii)**

The Defendants deny that any of the Plaintiffs have any damages. The Defendants claim an entitlement to attorney's fees and costs from the Plaintiffs in the event they are the prevailing party in this matter. The exact amounts of attorney's fees and costs will be assessed post-trial. The Defendants will rely on the employee records and payroll records with respect to all Plaintiffs to support their position that the Plaintiffs are not entitled to any damages and that the Defendants are not liable for any damages, in this matter.

**Fed.R.Civ.P. 26(a)(1)(A)(iv)**.

*Inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

**CASE NO. 12-CV-23250-King/McAliley**

**Response to Fed.R.Civ.P. 26(a)(1)(A)(iv)**.

None of which the Defendants are currently aware.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, to wit: J.H. ZIDELL, ESQ., J.H ZIDELL, P.A., Attorney for Plaintiff, 300 71 Street, Suite 605, Miami Beach, FL 33141, this 20th day of February, 2013.

**ROTH & SCHOLL**
**Attorneys for Defendants**
**866 South Dixie Highway**
**Coral Gables, Florida 33146**
**Telephone: 305-662-4141**
**Fax: 305-662-3816**
**Email: jeff@rothandscholl.com**

BY: __/s/_____
     JEFFREY C. ROTH
     Fla. Bar No. 331652