## SETTLEMENT AGREEMENT & GENERAL RELEASE

This Settlement Agreement & General Release ("Agreement") is entered into by and between Plaintiffs Victor C. Asla, Francisco Diaz, Eduardo Diaz, Arian Alejandro Martinez Fernandez, Jesus Ojeda Pupo, Reinier Rodriguez, Ruben Capote Torres, Heriberto Rafael Burgos, Bethal Xavier, Jose Antonio Gonzalez, Adolfo Jimenez, Felipe Beltran, German Aguado, Alcibiades Comas, Nelson Napoles, Reynier Gonzalez Alvarez, Juan F. Fernandez, Alejandro Ibarria Martinez, Alexys Rodriguez, Hector Emilio Fernandez, Pedro Santo Fernandez Neris, Luis Cesar Airado, Javier Ernesto Vinagera ("Plaintiffs"), corporate defendant Cargo Force, Inc.. ("Cargo Force"), and individual defendant Anthony C. Romeo ("Romeo," together with Cargo Force, the "Defendants"). Hereinafter, Plaintiffs and Defendants are collectively referred to as the "Parties." This Agreement is effective on the date that its execution is completed by all the Parties (the "Effective Date").

## RECITALS:

**WHEREAS**, Plaintiffs asserted claims against Defendants in the action styled *Victor C. Asla et al v. Cargo Force Inc. Anthony C. Romeo,*, Case No. 1:12-cv-23250-King/McAliley pending before the United States District Court for the Southern District of Florida (the "Action");

**WHEREAS**, Plaintiffs have made allegations against Defendants as set forth in the consolidated amended complaint.

**WHEREAS**, Defendants deny the allegations in the consolidated amended complaint.

**WHEREAS**, for purposes of avoiding a costly trial and in order to reach an amicable resolution of the claims and disputes by and among the Parties, the Parties desire to compromise, fully and finally settle, and fully release any and all actual or potential claims, known and unknown, that Plaintiffs may have against Defendants, including without limitation, any claims which were raised or which could have been raised in the Action, or in connection with each Plaintiff's affiliation and/or employment with Defendants.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that all of the recital clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

2. **No Admission of Liability:** The Parties agree to amicably settle the Action and all disputes between them. The Parties hereto understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, and without an admission of liability or wrongdoing by any of the Defendants, any such liability or wrongdoing being expressly denied.

3. **Settlement Sum:**

    a. The Plaintiffs must satisfy the following preconditions: (i) delivery by Plaintiffs' counsel, to counsel for Defendants, of (a) the executed Joint Stipulation for Dismissal with Prejudice, (b) the executed Joint Motion for Court Approval of Settlement, as set forth below in paragraph 4 of this Agreement and (c) this Agreement executed by ALL plaintiffs; (ii) the expiration of the revocation period as set forth in paragraph 16 and during which time none of the Plaintiffs exercised their respective right to revoke; (iii) the dismissal of Plaintiff ALBERTO BLANCO (deceased) without prejudice with each party bearing its respective fees and cost related to the aforementioned dismissal of ALBERTO BLANCO; and (iv) entry by the Court of the Final Order Approving Settlement Agreement and Dismissing Action With Prejudice, a copy of which is attached to the Joint Motion for Court Approval of Settlement.

    b. Upon 21 days of the signing on this Agreement by ALL Plaintiffs and the fulfillment of preconditions 3a(i) and (ii) as set forth above, Defendants will make payment as follows:

    > A single check in the amount of FOUR HUNDRED THOUSAND DOLLARS AND NO CENTS ($400,000.00) ("Settlement Sum") made payable to J.H. Zidell P.A. Client Trust Account. No taxes will be withheld from the check and Defendants will issue a tax Form 1099-MISC related thereto.

    The Settlement Sum shall not be released, distributed or utilized in any way until all of the preconditions set forth herein have been satisfied including the Court's approval of this Agreement and the dismissal of this Action in its entirety with Prejudice.

    c. Plaintiffs and their counsel agree that the Settlement Sum shall be divided between them as follows:

2

1) Victor C. Asla shall receive Eight Thousand Dollars and no Cents ($8,000.00).
2) Francisco Diaz shall receive Five Thousand Dollars and no Cents ($5,000.00).
3) Eduardo Diaz shall receive Six Thousand Dollars and no Cents ($6,000.00).
4) Arian Alejandro Martinez Fernandez shall receive Five Thousand Dollars and no Cents ($5,000.00).
5) Jesus Ojeda Pupo shall receive Eight Thousand Dollars and no Cents ($8,000.00).
6) Reinier Rodriguez shall receive Seven Thousand Five Hundred Dollars and no Cents ($7,500.00).
7) Ruben Capote Torres shall receive Four Thousand Dollars and no Cents ($4,000.00).
8) Heriberto Rafael Burgos shall receive Ten Thousand Dollars and no Cents ($10,000.00).
9) Bethel Xavier shall receive Twelve Thousand Dollars and no Cents ($12,000.00).
10) Jose Antonio Gonzalez shall receive Four Thousand Dollars and no Cents ($4,000.00).
11) Adolfo Jimenez shall receive Twenty Thousand Dollars and no Cents ($20,000.00).
12) Felipe Beltran shall receive Twelve Thousand Dollars and no Cents ($12,000.00).
13) German Aguado shall receive Twenty Thousand Dollars and no Cents ($20,000.00).
14) Alcibiades Comas shall receive Five Thousand Dollars and no Cents ($5,000.00).
15) Nelson Napoles shall receive Twenty Thousand Dollars and no Cents ($20,000.00).
16) Reynier Gonzalez Alvarez shall receive Four Thousand Dollars and no Cents ($4,000.00).

17) Juan F. Fernandez shall receive Fifteen Thousand Dollars and no Cents ($15,000.00).

18) Alejandro Ibarria Martinez shall receive Twelve Thousand Dollars and no Cents ($12,000.00).

19) Alexys Rodriguez shall receive Eighteen Thousand Dollars and no Cents ($18,000.00).

20) Hector Emilio Fernandez shall receive Six Thousand Dollars and no Cents ($6,000.00).

21) Pedro Santo Fernandez Neris shall receive Eighteen Thousand Dollars and no Cents ($18,000.00).

22) Luis Cesar Airado shall receive Fourteen Thousand Dollars and no Cents ($14,000.00).

23) Javier Ernesto Vinagera shall receive Five Thousand Dollars and no Cents ($5,000.00).

24) Plaintiffs' counsel shall receive One Hundred Sixty Thousand Dollars ($160,000.00) as fees and One Thousand Five Hundred Dollars ($1,500.00) as costs

d. Any tax obligation arising from the payment made under this Agreement will be the sole responsibility of Plaintiffs and their counsel for the respective amounts received. For their respective portions received under this settlement agreement, each Plaintiff and his counsel agree to and will indemnify, defend and hold Defendants harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings arising from taxes Plaintiff and his counsel may owe, which may be or are asserted against or imposed upon Defendants by any taxing authority based upon any failure to withhold any

amount from the payment for tax purposes and shall pay to Defendants, upon demand, all reasonable attorneys' fees and costs incurred by Defendants related thereto.

e. The Settlement Sum paid pursuant to paragraphs 3(a)-(b) is in full settlement of all claims, including but not limited to, all claims now pending, or which could have been brought in the Action. Defendants played no role in the distribution of the Settlement amount among the respective plaintiffs.

4. **Stipulation for Dismissal with Prejudice & Joint Motion for Court Approval of Settlement:** Plaintiffs agree that as an express precondition for receipt of the Settlement Sum set forth above in paragraphs 3(a)-(b) of this Agreement, Plaintiffs' counsel will deliver to counsel for Defendants, in executed form, (i) a Joint Motion for Court Approval of Settlement and (ii) a Stipulation for Dismissal with Prejudice. These documents are attached hereto as composite Exhibit "A". Counsel for Defendants shall file these documents with the court as soon as this Agreement is executed by all Parties and the final revocation period for Plaintiffs has expired.

5. **Release by Plaintiffs:** Plaintiffs, on behalf of themselves and their successors, heirs, executors, administrators, assigns, attorneys, partners, agents, servants, affiliates, representatives and all other persons who could assert a claim based upon Plaintiffs relationship, affiliation, and/or dealings with Defendants, hereby unconditionally and forever waive, release, acquit and discharge (i) Cargo Force, its predecessor entities, successors, assigns, parents, subsidiaries, divisions, affiliates, officers, directors, owners, administrators, agents, servants, employees, insurers, legal representatives, and attorneys, and (ii) Anthony C. Romeo and his heirs, executors, administrators, partners, agents, servants, insurers, legal representatives, successors, assigns and affiliates, (collectively, the "Released Parties"), from any and all debts, complaints, claims, charges, liabilities, claims for relief, demands, suits, action or causes of action, which have arisen or could have arisen from the beginning of the world to the Effective Date of this Agreement, whether now known or unknown, suspected or unsuspected (the "Released Claims"). The Released Claims include, without limitation, any claims arising out of or related to each Plaintiff's employment, affiliation, and/or dealings—as well as the termination of that employment, affiliation, and/or dealings—with the Defendants, and/or any and all claims that have been or could have been brought in the

5

Action. The Released Claims also specifically include, but are not limited to, all claims, including claims for discrimination and/or retaliation, arising under any federal, state or local law or statute, including without limitation, the Fair Labor Standards Act of 1938, the Family and Medical Leave Act of 1993, the Americans with Disabilities Act of 1990, **the Age Discrimination in Employment Act of 1967,** Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Employee Retirement Income Security Act, the Equal Pay Act of 1983, the Workers' Adjustment and Retraining Notification Act, the Immigration Reform and Control Act of 1986, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Fair Credit Reporting Act, the Florida Civil Rights Act, Florida's Private Whistleblower's Act, the Florida Equal Pay Law, Florida's Minimum Wage Act, and retaliatory discharge statutes, the law of contract and tort, any claim for attorneys fees, claims for unpaid wages or other employment compensation, and claims of personal injury, including mental and physical pain and suffering or intentional infliction of emotional distress. Notwithstanding, nothing in this release prohibits an action to enforce this Agreement.

6. **Release by Defendants:** With the exception of Plaintiff ALBERTO BLANCO (deceased), Defendants hereby unconditionally and forever waive, release, acquit and discharge Plaintiffs and their respective successor and assigns (collectively, the "Released Plaintiffs"), from any and all debts, complaints, claims, charges, liabilities, claims for relief, demands, suits, action or causes of action, which have arisen or could have arisen from the beginning of the world to the Effective Date of this Agreement (the "Plaintiffs Released Claims"). Notwithstanding, nothing in this release prohibits an action to enforce this Agreement.

7. **Covenant Not To Sue:** Each Plaintiff further agrees and covenants that neither he, nor any person, organization or other entity acting on her behalf, will file, charge, claim, sue or cause or permit to be filed, charged or claimed, any civil action, suit or legal proceeding for personal relief (including any action for damages, injunctive, declaratory, monetary or other relief) against Defendants or any of the Release Parties, involving any matter occurring at any time in the past up to and including the Effective Date of this Agreement or involving any continuing effects of any acts or practices which may have arisen or occurred prior to the Effective Date of this Agreement. Each Plaintiff further agrees that if any person,

organization or other entity should bring a claim against Defendants or any of the Released Parties involving any such matter, he will not accept any personal relief in any such action. Notwithstanding, nothing in this paragraph prohibits an action to enforce this Agreement.

8. **Acknowledgements and Affirmations:** Each Plaintiff affirms that:
   a. He has not filed, caused to be filed, or is presently a party to any claim against Defendants or any of the Released Parties with any local, state, or federal agency or court;
   b. He has been granted any leave to which he was entitled from Defendants under the Family and Medical Leave Act or related state or local leave or disability accommodation laws;
   c. He has not divulged any financial, proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with Defendants' policies and/or any applicable common law;
   d. He has not suffered and/or sustained any work-related accidents, injuries and/or occupational diseases while affiliated with the Defendants for which issues of liability have not already been fully resolved; and
   e. He has not been retaliated against for reporting any allegations of wrongdoing by Defendants or any of the Released Parties, including any allegations of corporate fraud. Each Plaintiff and Defendants acknowledge that this Agreement does not limit either party's right, where applicable, to file or to participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, each Plaintiff agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies.

9. **Change of Facts:** Each Plaintiff fully understands that if a fact which is material to the execution of this Agreement is later found to be erroneous or somehow different from what the Parties initially believed to be true prior to the execution of this Agreement, he expressly assumes and accepts the risk of such a possible difference in fact and agrees that this Agreement shall be and remain in effect notwithstanding such circumstances.

10. **Assignment:** Each Plaintiff represents and warrants that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim against

Defendants or any portion thereof or interest therein. Plaintiff further represents and warrants that no other person or entity other than the Parties hereto had or have any interest in the matters referred to in this Agreement. Neither shall Plaintiff assign any of his rights or duties under this Agreement without the express written consent of Defendants.

11. **No Reliance:** Each Plaintiff represents and acknowledges that in executing this Agreement, that he did not rely and has not relied upon any representation or statement made by Defendants or by any of Defendants' agents, representatives, insurers, or attorneys regarding the subject matter, basis, or effect of this Agreement, other than the promises and representations made in this Agreement.

12. **Non-Disparagement and No Re-Hire:** Each Plaintiff agrees not to make any statements which disparage Defendants or their current or former officers, directors, employees, products or services, or use the name any Defendant in a manner which may diminish or otherwise damage such Defendant's reputation or goodwill. Plaintiff agrees to never apply for employment with Cargo Force nor any of it parents, divisions, predecessor entities, successors, and/or subsidiaries. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay of Plaintiff. Plaintiffs acknowledge and admit that none of them are currently employed by any of the Defendants.

13. **Notice Requirements:** Each notice ("Notice") provided for under this Agreement, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Fed Ex or UPS), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least

ten (10) days prior notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

| **J.H. Zidell, P.A.** | | **Jackson Lewis LLP** |
|---|---|---|
| Attorneys for Plaintiffs | | Attorneys for Defendants |
| Attn: J.H. Zidell, Esq. | | Attn: TerRance Q. Woodard, Esq. |
| 300 71st Street, Suite 605 | —and— | One Biscayne Tower, Suite 3500 |
| Miami Beach, Florida 33141 | | 2 S. Biscayne Boulevard |
| Telephone: (305) 865-6766 | | Miami, Florida 33131 |
| Facsimile: (305) 865-7167 | | Telephone: (305) 577-7600 |
| | | Facsimile: (305) 373-4466 |

And

Jeffrey C. Roth, Esq.,
Roth & Scholl
866 S Dixie Highway
Coral Gables, FL 33146
Fax: (305) 662-3816

14. **Prevailing Party:** In the event that it shall be necessary for any party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing party shall be entitled to costs and reasonable attorney's fees.

15. **Acknowledgment of Consideration:** Each Plaintiff expressly acknowledges that the consideration provided to him under this Agreement is in addition to anything of value to which he is already entitled.

16. *Revocation Period: Plaintiff acknowledges that he has been represented by counsel in this matter and that he is hereby advised to, and indeed has, consulted with his attorney before signing this Agreement. Plaintiff further acknowledges that he has been informed of (i) his right to consider this Agreement for a period of twenty-one (21) days prior to signing it; and (ii) his right to revoke this Agreement within seven (7) days of execution of it by giving written notice of such revocation by hand delivery or fax to:*

**Jackson Lewis LLP**

9

Attorneys for Defendants<br>
Attn: TerRance Q. Woodard, Esq.<br>
One Biscayne Tower, Suite 3500<br>
2 S. Biscayne Boulevard<br>
Miami, Florida 33131<br>
Telephone: (305) 577-7600<br>
Facsimile: (305) 373-4466

*The Parties agree that such notice is sufficient and proper and shall be deemed given upon acknowledgment of receipt of the hand delivery, or transmission of the facsimile provided that Plaintiff receives fax machine confirmation that all pages were successfully transmitted. If Plaintiff revokes this Agreement, it shall not be effective and enforceable and Plaintiff will not receive the payment described in paragraph 3 above. Acceptance of the payment described in paragraph 3 constitutes Plaintiff's acknowledgment that he did not revoke this Agreement as described in this paragraph.*

17. **ADEA Disclosures:** Each Plaintiff is advised, pursuant to the Older Workers Benefit Protection Act ("OWBPA"), that by signing this Agreement he is specifically waiving any claims she may have which accrued prior to the Effective Date of this Agreement under the Age Discrimination in Employment Act of 1967, as amended. Plaintiff acknowledges, represents, and agrees that this Agreement shall result in a waiver and release of any rights he has under the ADEA.

   The Parties expressly agree and acknowledge that nothing contained in this Agreement is or creates a limitation of any Plaintiff's right under the Equal Employment Opportunity Commission's enforcement powers as described under 29 C.F.R. § 1625.22(i). Similarly, the Parties expressly agree and acknowledge that nothing contained in this Agreement imposes any condition precedent, any penalty, or other limitation prohibited by 29 C.F.R. § 1625.22(i).

18. **Voluntary Acceptance:** Each Plaintiff represents and acknowledges that (i) he has consulted with his attorney prior to executing this Agreement; (ii) he was represented by an attorney in the negotiation of this Agreement; (iii) he has carefully read and fully understand all of the terms of this Agreement; (iv) he has had reasonable time and opportunity to consider this Agreement; and (v) he has voluntarily executed this Agreement.

19. **Successor Clause:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

20. **Representation of Settlement:** Any Party to this Agreement may represent to third parties that a mutually satisfactory settlement of claims has been reached by the Parties. None of the Parties to this Agreement shall, however, represent to third parties that any party won or lost the Action.

21. **Governing Law and Jurisdiction:** This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, without giving effect to the conflict of laws principles of Florida law. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in Miami, Florida. The Parties expressly consent to the jurisdiction of the United States District for the Southern District of Florida, or, if that court refuses jurisdiction, in any court of competent jurisdiction in Miami, Dade County, Florida.

22. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between counsel for the Parties and shall not be construed against the "drafter" of the Agreement.

23. **Modification of Agreement:** This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

24. **Severability:** Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable—excluding the general release language at paragraph 5—such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, each Plaintiff agrees to execute a binding replacement release.

25. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

26. **Entire Agreement:** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

27. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

28. **Authority:** Each party represents that each person executing this Agreement on it or his/her behalf has been authorized to sign on behalf of the respective party and to bind it or his/her to the terms of this Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by this Agreement.

29. **Signatures in Counterparts:** This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

_____ 10/3/13
Victor C. Asla

_____ 10/03/13
Francisco Diaz

_____ 10/10/13
Eduardo Diaz

_____ 10/03/13
Arian Alejandro Martinez Fernandez

_____ 10/03/13
Jesus Ojeda Pupo

_____ 10/03/13
Reinier Rodriguez

_____ 10/03/2013
Ruben Capote Torres

Heriberto Burgos 10/03/13
Heriberto Rafael Burgos

Bethel Xavier 10/3/13
Bethel Xavier

_____ 10/3/13
Jose Antonio Gonzalez

_____ 10/3/13
Adolfo Jimenez

_____ 10-3-13
Felipe Beltran

_____ 10/03/2013
German Aguado

Alcibiades Comas 10/3/13
Alcibiades Comas

_____ 10/03/13
Nelson Napoles

_____ 10/3/13
Reynier Gonzalez Alvarez

_____ 10/3/2013
Juan F. Fernandez

_____ 10/3/2013
Alejandro Ibarria Martinez

_____ 10/3/2013
Alexys Rodriguez

_____ 10/3/13
Hector Emilio Fernandez

Pedro S Fernandez 10/3/13
Pedro Santo Fernandez Neris

_____ 10/3/2013
Luis Cesar Airado

_____ 10/3/2013
Javier Ernesto Vinagera

Cargo Force Inc.

By: _Tony Romeo_
Its: _President_
Dated: _10/7/13_

Anthony C. Romeo
Dated: _10/7/13_

15



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23250-CIV-KING/MCALILEY

**CONSENT CASE**

VICTOR C. ASLA, et al )
)
)
Plaintiffs, )
vs. )
)
)
CARGO FORCE, INC., a Florida Corporation )
and ANTHONY C. ROMEO )
)
)
Defendants. )
)

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiffs, and Defendants (collectively, the "Parties") hereby stipulate:

1. The Parties have agreed to settle this action;

2. The Parties voluntarily dismiss this action with prejudice; and

3. Each Party shall bear their own costs and fees except as provided in the Parties' Settlement Agreement & General Release.

Respectfully submitted,

| | |
|---|---|
| **J.H. ZIDELL, P.A.** | **JACKSON LEWIS LLP** |
| _____ | _____ |
| J.H. Zidell, Esq. | TerRance Q. Woodard (FBN 692441) |
| 300 71st Street, Suite 605 | One Biscayne Tower, Suite 3500 |
| Miami Beach, Florida 33141 | Two South Biscayne Boulevard |
| Tel. (305) 865-6766 | Miami, Florida 33131 |
| Fax. (305) 865-7167 | Tel. 305.577.7648 |
| | Fax. 305. 373.4466 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23250-CIV-KING/MCALILEY

**CONSENT CASE**

VICTOR C. ASLA, et al           )
                                )
        Plaintiffs,             )
    vs.                         )
                                )
CARGO FORCE, INC., a Florida Corporation )
and ANTHONY C. ROMEO            )
                                )
        Defendants.             )
_____)

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Victor C. Asla, Francisco Diaz, Eduardo Diaz, Arian Alejandro Martinez Fernandez, Jesus Ojeda Pupo, Reinier Rodriguez, Ruben Capote Torres, Heriberto Rafael Burgos, Bethal Xavier, Jose Antonio Gonzalez, AdolfoJimenez, Felipe Beltran, German Aguado, Alcibiades Comas, Nelson Napoles, Reynier Gonzalez Alvarez, Juan F. Fernandez, Alejandro Ibarria Martinez, Alexys Rodriguez, Hector Emilio Fernandez, Pedro Santo Fernandez Neris, Luis Cesar Airado, Javier Ernesto Vinagera and Defendants Cargo Force, Inc. and Anthony C. Romeo (collectively, the "Parties") hereby jointly state and stipulate as follows:

1. Plaintiffs sued Defendants alleging failure to pay overtime minimum wage compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA).

2. On or about October 3, 2013, the Parties, without admitting liability, resolved the claims asserted by Plaintiffs in this action and shortly thereafter entered into a Settlement Agreement and General Release, which is attached hereto as *Exhibit A*, and executed a Joint Stipulation for Dismissal with Prejudice, which is being filed contemporaneously herewith.

3. Pursuant to the FLSA, the Parties' Settlement Agreement must be approved by the Court. *See Brooklyn Savings Bank v. O'Neill*, 324 U.S. 687 (1945); *D.A. Shulte, Inc. v. Gangi*, 328 U.S. 108 (1946). Accordingly, the Parties file this Joint Motion seeking approval of their settlement.

4. The Parties stipulate that based on the allegations in Plaintiffs' Amended Complaint, the settlement reached is fair and reasonable.

5. Upon this Court's approval of the Settlement Agreement, the Parties jointly stipulate that this matter should be dismissed, **with prejudice**, with all Parties bearing his/her or its own attorneys' fees and costs except as provided in the Settlement Agreement. The Court will retain jurisdiction to enforce the Settlement Agreement.

6. A proposed Order approving the Settlement Agreement and dismissing the case, **with prejudice**, is attached hereto for the Court's convenience.

Respectfully submitted,

| **J.H. ZIDELL, P.A.** | **JACKSON LEWIS LLP** |
|---|---|
| J.H. Zidell, Esq. | TerRance Q. Woodard (FBN 692441) |
| 300 71st Street, Suite 605 | One Biscayne Tower, Suite 3500 |
| Miami Beach, Florida 33141 | Two South Biscayne Boulevard |
| Tel. (305) 865-6766 | Miami, Florida 33131 |
| Fax. (305) 865-7167 | Tel. 305.577.7648 |
| *Counsel for Plaintiffs* | Fax. 305. 373.4466 |
| | *Counsel for Defendants* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23250-CIV-KING/MCALILEY

**CONSENT CASE**

VICTOR C. ASLA, et al )
)
Plaintiffs, )
vs. )
)
CARGO FORCE, INC., a Florida Corporation )
and ANTHONY C. ROMEO )
)
Defendants. )
_____ )

**FINAL ORDER OF DISMISSAL, *WITH PREJUDICE*,
UPON COURT'S APPROVAL OF SETTLEMENT AGREEMENT**

THIS CAUSE came before the Court upon the Parties' Joint Motion and Request for Approval of Settlement (the "Joint Motion"). The Court, having reviewed the Joint Motion, the Settlement Agreement, and being otherwise duly advised in the premises thereof, hereby

ORDERS AND ADJUDGES that

1. The Settlement Agreement is **APPROVED**.

2. This action is hereby dismissed, with prejudice, each Party to bear his or its own attorney's fees and costs as provided in the Settlement Agreement.

3. Any pending motions are denied as moot.

4. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

DONE AND ORDERED in Chambers this ____ day of October, 2013.

_____
**CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE**

Copies provided to: All Counsel of Record