UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23250-CIV-MCALILEY
(CONSENT CASE)

VICTOR C. ASLA, et al.

       Plaintiffs,

v.

CARGO FORCE, INC. and ANTHONY
C. ROMEO,

       Defendants.
_____/

## ORDER OF DISMISSAL WITH PREJUDICE

Pending before the Court is a Joint Motion for Approval of Settlement, filed by the parties.[1] [DE 54]. These parties have reached an amicable resolution of the overtime wage claim brought against Defendants under the Fair Labor Standards Act ("FLSA") and ask the Court to dismiss the claim against Defendants with prejudice.

The Court must engage in a review of settlements of FLSA claims:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.

---

[1] Plaintiff Alberto Blanco is not included in the settlement agreement; the parties filed a joint stipulation for dismissal of his claims without prejudice on October 4, 2013. [DE 51].

*Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't. Of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

The settlement agreement here provides that Plaintiffs will receive $238,500.00, allocated between Plaintiffs as set forth in the Agreement, while Plaintiff's counsel will receive $ 160,000.00 in attorneys' fees and $ 1,500.00 for costs. [DE 54-2, ¶ 3]. After careful review of the record in this action, the Court finds that the proposed resolution set forth in the parties' Settlement Agreement and General Release is a fair and reasonable settlement of a bona fide dispute over the FLSA's provisions.

Accordingly, it is hereby **ORDERED** that:

1. The parties' Settlement Agreement is **APPROVED** as a fair and reasonable settlement;

2. This case is **DISMISSED WITH PREJUDICE**. All pending motions are denied as moot.

3. The Court retains jurisdiction through December 31, 2013, to enforce the Settlement Agreement

DONE and ORDERED in chambers in Miami, Florida this 9th day of October, 2013.

*/s/ Chris McAliley*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
All Counsel of Record